UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:24-cv-08334-JLS-MAR					Date: October 03, 2024
Title:  Oscar Arturo Perdomo Flores v. Costco Wholesale Corporation et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:  (IN CHAMBERS)  ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO STATE COURT**

Plaintiff Oscar Arturo Perdomo Flores filed this personal-injury action in the Superior Court of the State of California in and for the County of Los Angeles. (Compl., Doc. 3.) Defendant Costco Wholesale Corporation removed, invoking this Court's diversity jurisdiction. (NOR, Doc. 1).

To fall within this Court's diversity jurisdiction, an action must (1) be between "citizens of different States," and (2) have an amount in controversy that "exceeds the sum or value of $75,000." 28 U.S.C. § 1332(d). "A defendant's notice of removal to federal court must 'contain[] a short and plain statement of the grounds for removal,'" including the amount in controversy. *Moe v. GEICO Indem. Co.*, 73 F.4th 757, 761 (9th Cir. 2023) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, (2014)). Where the plaintiff's state-court complaint includes a damages demand, that amount, if made in good faith, "shall be deemed to be the amount in controversy." *Id.* § 1446(c)(2). Where the plaintiff's complaint "does not specify the damages sought, the defendant ordinarily may satisfy the amount-in-controversy requirement by making a plausible assertion of the amount at issue in its notice of removal." *Moe*, 73 F.4th at 761. "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff *or questioned by the court.*" *Id.* (quoting *Dart*, 574 U.S. at 87).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-08334-JLS-MAR						Date: October 03, 2024
Title:  Oscar Arturo Perdomo Flores v. Costco Wholesale Corporation et al

     Here, Plaintiff's complaint does not specify the amount of damages sought.  (*See generally* Compl.)  Indeed, Plaintiff does not even allege what injuries he experienced or what disability he believes he may suffer.  Plaintiff alleges only that he was "injured in health, strength and activity"; has and continues to suffer "great physical, mental and nervous pain, suffering and anguish."  (*Id.* ¶ 34.)  In its Notice of Removal, Defendant makes only the conclusory assertion that the amount-in-controversy requirement is met based on Plaintiff's allegation that he "suffered past and continuing 'physical, mental, and nervous pay, suffering and anguish[.]'"  (NOR ¶ 3.)

     Therefore, the Court sua sponte questions whether the amount-in-controversy requirement is satisfied here.  *See Moe*, 73 F.4th at 761–62.  Defendant bears "the burden to show that the amount-in-controversy requirement is met by a preponderance of the *evidence*."  *Id.* at 762 (emphasis added).

     Defendant is ORDERED to show cause, in writing, no later than **seven (7) days** from the date of this Order, why the Court should not remand this action to Los Angeles County Superior Court.  Plaintiff has **seven (7) days** thereafter to submit any response.  No further briefing is permitted.  Following submission of the parties' briefing, which shall not exceed **five (5) pages**, the matter will be deemed under submission and the Court will thereafter issue an order.

                                        Initials of Deputy Clerk: kd